Argued and submitted November 9, 1995, affirmed May 15, 1996

In the Matter of the Suspension of
the Driving Privileges of

Amy J. SMITH,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES BRANCH (DMV),
*Respondent.*

(46196; CA A86823)

917 P2d 28

Judicial Review from Driver and Motor Vehicle Services Branch.

Ilona E. Koleszar argued the cause and filed the brief for petitioner.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Petitioner seeks review of an order of the Driver and Motor Vehicle Services Branch (DMV) suspending her driving privileges for one year. We affirm.

Petitioner, who was 22, gave her driver's license to Sierra Barnhart, who was 19. Barnhart planned to use the license while in Hawaii in order to gain admission into bars. Petitioner was cited for permitting misuse of a license, ORS 807.590,[1] and, at the time of the DMV hearing, that charge was pending in Eugene Municipal Court. Following a contested case hearing, DMV suspended petitioner's license.

Before turning to petitioner's assignment of error, a brief overview of the procedures for suspending a driver's license is necessary. The Department of Transportation[2] is authorized to cancel driving privileges "upon determining that the person is not entitled to the driving privileges under the vehicle code." ORS 809.310(1). The department may make that determination following a contested case hearing or on receipt of a record of conviction. ORS 809.440. If a conviction is the basis for the suspension, the person may seek administrative review, which

"shall consist of an informal administrative process to assure prompt and careful review by the department of the documents upon which an action is based." ORS 809.440(2)(a).

Administrative review is, thus, a document review, and it is available only if provided for by a statute or department rule. ORS 809.440(2). Subsections of ORS 809.410 provide for administrative review. For example, ORS 809.410(31), the section under which DMV proceeded in this case, provides, as relevant:

---

[1] ORS 807.590(1) provides:

"A person commits the offense of permitting misuse of a license if the person has been issued a license or driver permit and the person knowingly lends the license or driver permit to another or knowingly permits another person to use the license or driver permit."

[2] DMV is a branch of the Department of Transportation.

"(a)   Upon receipt of a record of conviction of an offense described in ORS 809.310, [which includes permitting misuse of a license] the department shall, or upon determination by the department that the person has committed an act that constitutes such an offense the department may[,] suspend any driving privileges[.]

"* * * * *

"(c)   A person is entitled to administrative review of a suspension under this subsection if the suspension is based upon a conviction."[3]

There are three statutory defenses available in an administrative review, one of which is ORS 809.440(2)(b)(A),[4] which provides:

"The following apply when administrative review is provided under any statute or rule of the department:

"* * * * *

"(b)   It shall be a defense to the department's actions if a petitioner can establish that:

"(A)   A conviction on which the department's action is based was for an offense that did not involve a motor vehicle."

In her only assignment of error, petitioner relies on ORS 809.440(2)(b)(A). She argues that DMV erred in holding that "ORS 809.440 is not an applicable defense under ORS 809.310 or ORS 809.410(31)." She argues that DMV incorrectly interpreted ORS 809.440(2)(b)(A). She contends that

---

[3] Other subsections of ORS 809.410 also provide for administrative review. For example, ORS 809.410(7) provides:

"Failure to perform duties of a driver when property is damaged under ORS 811.700 constitutes grounds for suspension of driving privileges. The following apply to this subsection:

"(a) Upon receipt of a record of conviction of an offense described in this subsection, the department shall suspend the driving privileges or right to apply for driving privileges.

"* * * * *

"(c) A person is entitled to administrative review of a suspension under this subsection."

[4] The other two are that the offense for which there has been a conviction must be comparable to Oregon law, ORS 809.440(2)(b)(B), and that the record must identify the correct person. ORS 809.440(2)(b)(C).

the correct interpretation is that the statute provides a defense to *any* proposed license suspension that is based on an offense. She argues that, because there is no evidence that the offense involved a motor vehicle, DMV erred in suspending her driving privileges.

Respondent argues that, irrespective of DMV's interpretation of the statutory defense, DMV was correct that the defense is not applicable to petitioner's case. Respondent is correct.

In construing a statute, we examine the text in context and, if necessary, the legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Although petitioner cites legislative history that she contends supports her statutory interpretation, and DMV argues that the history supports its argument, we do not reach the legislative history here. The text of ORS 809.440(2)(b)(A), when considered in context, is clear.

ORS 809.440(2)(b)(A) is unambiguous that the statutory defense applies "when an administrative review is provided[.]" Furthermore, there must be "[a] conviction on which the department's action is based[.]" Here, DMV did not suspend petitioner's license because of a conviction and there was no administrative review. Petitioner had not been convicted and she had a contested case hearing.

Nonetheless, at oral argument, petitioner argued that, as a matter of equal protection, the statutory defense was available to her. In a supplemental memorandum after oral argument, petitioner contends that she properly preserved the constitutional argument because she raised it at the hearing below. We disagree. In her opening brief, petitioner made no argument that constitutional protections require that ORS 809.440(2)(b)(A) also apply to her. Her only mention of constitutional issues was in a footnote.[5] That is

---

[5] The footnote stated only that petitioner had asserted that the statutory defense was available to her as a matter of equal protection and due process, and that "[t]he agency did not dispute that position in its Final Order." We do not share petitioner's understanding of the order which, although not a model of clarity in its discussion of the defense, clearly holds that "ORS 809.440 provides a defense, under an administrative review, from the suspension where there is a conviction

■sufficient to present her constitutional argument in a posture capable of review. DMV did not err in holding that the defense did not apply in petitioner's case.

Affirmed.

---

* * *," and that "the defense, as [petitioner's] counsel suggests, is not applicable in this matter."